NO. 26-1429

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DONALD J. TRUMP, et al.,

      *Appellants*,

  v.

STATE OF WASHINGTON, et al.,

      *Respondents*.

JOINT MOTION TO HOLD BRIEFING SCHEDULE IN ABEYANCE

## I.      INTRODUCTION

The parties jointly request that this Court hold the briefing schedule in abeyance pending further order of this Court. This request will allow time for consolidation of this appeal with any potential appeal from the district court's resolution of Plaintiff States' remaining claims. Briefing in the district court will be complete on May 15, 2026. In addition, this request will allow the Court to benefit from briefing that fully addresses the Supreme Court's upcoming decision in *Watson v. Republican National Committee*, No. 24-1260 (U.S. argued Mar. 23, 2026), which is very likely to inform this Court's consideration of this appeal. The parties propose to file status reports in this Court every thirty days, beginning on June 12, 2026.

1

## II. BACKGROUND AND ARGUMENT

This case concerns Executive Order 14,248 (Mar. 25, 2025) ("Preserving and Protecting the Integrity of American Elections"). ECF No. 1-1.[1] The States of Washington and Oregon filed a lawsuit challenging sections 2(a), 2(b)(iii), 2(d), 2(e)(ii), 3(d), 4(a), 4(b), 4(d), 5(b), and 7 of the Executive Order. ECF No. 1 at 39. Plaintiff States filed a motion for partial summary judgment with respect to sections 2(a), 4(a), 4(b), 7 of the Executive Order. ECF No. 37 at 33. Defendants filed a combined response to the motion for partial summary judgment and motion to dismiss Plaintiff States' complaint. ECF No. 64.

In January 2026, the district court entered its Order Re: Plaintiffs' Motion for Partial Summary Judgment and Defendants' Motion to Dismiss. ECF No. 126. That order granted summary judgment in favor of Plaintiff States with respect to sections 2(a), 4(a), 4(b), 7(a), and 7(b) of the Executive Order. *Id.* at 73. As relief, it:

1. Permanently enjoined the Election Assistance Commission Defendants from taking action to implement or give effect to sections 2(a) or 4(b) of the Executive Order;

---

[1] ECF citations are to the district court docket below.

2. Permanently enjoined the Election Assistance Commission Defendants from taking action against Plaintiff States to implement or give effect to sections 4(a) or 7(b) of the Executive Order;

3. Permanently enjoined the Attorney General and the Attorney General's officers, agents, servants, and employees from "taking any action to 'enforce,' or attempt to 'enforce,' 2 U.S.C. § 7 or 3 U.S.C. § 1 in a manner that would prevent Plaintiffs from counting otherwise valid votes for federal office that are contained in timely ballots under state law";

4. Declared "that Washington's and Oregon's existing laws governing ballot-receipt deadlines are not preempted by 2 U.S.C. § 7 and 3 U.S.C. § 1."

*Id.* at 73-74.

In addition, the district court dismissed Plaintiff States' claims challenging sections 2(b)(iii), 2(d), 2(e)(ii), and 5(b) of the Executive Order. *Id.* at 73.

On March 10, 2026, Defendants filed a notice of appeal from the district court's "memorandum opinion and order granting partial summary judgment to Plaintiffs[.]" ECF No. 131.

3

The parties recently submitted a joint status report to the district court. ECF No. 133. In that report, Plaintiff States represented that they have elected to voluntarily dismiss their challenge to section 4(d) of the Executive Order, leaving only Plaintiff States' challenge to section 3(d) for resolution by the district court. ECF No. 133 at 2. The district court entered a scheduling order under which the parties will submit cross-motions for summary judgment, with the final briefs being filed May 15, 2026. ECF No. 134.

Under this Court's existing Time Schedule Order, Defendants' Opening Brief is due April 20, 2026, and Plaintiff States' Answering Brief is due May 20, 2026. DktEntry 2.1.

Holding the briefing in this matter in abeyance until the district court decides the remaining issue will allow for consolidation of this appeal with any potential appeal on the remaining issue. Those overlapping appeals will likely share common issues of law, such as whether Plaintiff States may rely on an equitable cause of action. As a result, addressing all of the issues in a single appeal will conserve the resources of this Court and the parties.

An additional reason for holding briefing in abeyance in this case is that the Supreme Court will be issuing a decision that will very likely inform this Court's consideration of one of the issues in this appeal. Currently pending at

the United States Supreme Court is *Watson v. Republican National Committee*, No. 24-1260. The question presented in *Watson* is "whether the federal election-day statutes preempt a state law that allows ballots that are cast by federal election day to be received by election officials after that day." Petition for a Writ of Certiorari, *Watson v. Republican Nat'l Comm.*, No. 24-1260, (U.S. June 6, 2025). The matter was argued and submitted on March 23, 2026, and an opinion is expected by early July 2026. The Supreme Court's decision will very likely inform this Court's decision regarding Plaintiff States' challenge to section 7 of the Executive Order, which directs the Attorney General to "take all necessary action to enforce 2 U.S.C. 7 and 3 U.S.C. 1[,]" ECF No. 1-1 at 6, which are among the "federal election-day statutes" at issue in *Watson*. The parties and this Court will benefit from briefing that fully takes the forthcoming *Watson* opinion into account.

The parties jointly request that this Court hold briefing in this appeal in abeyance until further order of this Court. Beginning June 12, 2026, the parties will file reports in this appeal every thirty days regarding the status of the cross-motions for summary judgment in the district court.

### III. CONCLUSION

This Court should hold briefing in abeyance until further order of this Court. The parties will file status reports every thirty days, with the first report due on June 12, 2026, to address when the Court should issue a new briefing deadline.

RESPECTFULLY SUBMITTED this 9th day of April, 2026.

NICHOLAS W. BROWN
  *Attorney General*
  *State of Washington*

 *s/Karl D. Smith*
KARL D. SMITH, WSBA 41988
WILLIAM MCGINTY, WSBA 41868
KELLY A. PARADIS, WSBA 47175
ALICIA O. YOUNG, WSBA 35553
  *Deputy Solicitors General*
FREEMAN E. HALLE, WSBA 61948
ZANE MULLER, WSBA 63777
 *Assistant Attorneys General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Karl.Smith@atg.wa.gov
William.McGinty@atg.wa.gov
Kelly.Paradis@atg.wa.gov
Alicia.Young@atg.wa.gov
Freeman.Halle@atg.wa.gov
Zane.Muller@atg.wa.gov
*Counsel for Respondent*
*State of Washington*

BRETT A. SHUMATE
Assistant Attorney General

MICHAEL S. RAAB

 *s/ Laura E. Myron*
LAURA E. MYRON
Attorneys, Appellate Staff
Civil Division, Room 7228
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-4819
Laura.e.myron@usdoj.gov
*Counsel for Appellants*

DAN RAYFIELD
 Attorney General
 State of Oregon
PAUL L. SMITH
 Solicitor General

 s/ Robert A. Koch
ROBERT A. KOCH
 Attorney-In-Charge
Civil & Administrative Appeals
1162 Court St. NE
Salem, Oregon 97301-4096
Telephone:  (503) 378-4402
 robert.a.koch@doj.oregon.gov
 *Counsel for Respondent State of Oregon*